UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATONIA JONES, individually and on behalf
of her minor child, DJ,

                          Plaintiff,

        -against-

COUNTY OF WESTCHESTER, ROSA HAZOURY,
ELKE KNUDSEN, and LISA COLIN, ESQ.,

                          Defendants.

No. 14-cv-7635 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff D.J. moves for reconsideration of this Court's December 14, 2015 Opinion and

Order staying consideration of Plaintiff's federal due process and state law claims pending the

outcome of the state court proceedings. (ECF No. 121, or the "December Opinion & Order").

Familiarity with the December Opinion & Order is assumed.

**LEGAL STANDARD**

    Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of

Civil Procedure 60(b).  "The standard for granting a motion for reconsideration pursuant to Local

Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-cv-6909 (SAS), 2013

WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013).  Motions for reconsideration are "addressed to the

sound discretion of the district court and are generally granted only upon a showing of

exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.

1990).  A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . .

. or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners,

L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire*


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/8/2016

*Ins. Co. of Pittsburgh, PA v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press,* No. 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys,* 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig,* 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

Plaintiff contends that this Court misapplied the *Younger* doctrine in staying consideration of Plaintiff's federal constitutional claims pending the outcome of state court proceedings. As this Court noted in the December Opinion & Order, the Second Circuit has established a three part test for determining whether *Younger* abstention is appropriate: "(1) whether there is an ongoing state proceeding; (2) whether an important state interest is involved; and (3) whether the federal plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding." *Christ the King Reg'l High Sch. v. Culvert*, 815 F.2d 219, 224 (2d Cir. 1987), *cert. denied*, 484 U.S. 830 (1987); *see also Temple of Lost Sheep Inc. v. Abrams*, 930 F.2d 178, 182–83 (2d Cir. 1991), *cert. denied,* 502 U.S. 866 (1991). Plaintiff essentially takes issue with the Court's analysis of the third prong of *Younger*, arguing that *Younger* abstention is inappropriate because "constitutional claims cannot be brought in

2

Family Court as the Family Court has no jurisdiction to hear such claims, issue a ruling or oversee a trial on liability, and award damages." (Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Reconsideration or ECF No. 127 at 5.)

In the December Opinion and Order, this Court held that Plaintiff failed to carry her burden to demonstrate that she would be precluded from raising her substantive due process claims in the state court action. As another court from this district noted, relying upon the Supreme Court's decision in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987), "the Family Court of New York is bound by the Federal Constitution. Thus, notions of comity and federalism compel the assumption that the Family Court is competent to hear and thoughtfully consider the plaintiff's constitutional challenges." *Reinhardt v. Com. of Mass. Dep't of Soc. Servs.*, 715 F. Supp. 1253, 1257 (S.D.N.Y. 1989). Therefore, as an initial matter, Plaintiff could have raised federal constitutional claims in family court.

Additionally, Plaintiff could have—yet chose not to—availed herself of the Article 78 process. In *Reinhardt*, the court held that *Younger* abstention as to plaintiff's due process claims was appropriate because "plaintiff's federal challenges to [the family court's] order . . . could have been raised in an Article 78 proceeding pursuant to the New York Practice Law and Rules." *Id*. at 1256. "Article 78 of the New York Civil Practice Law and Rules contains a complex of procedures that permit a civil litigant to challenge judicial or administrative action by way of certiorari, mandamus and prohibition." *Id*. (citing N.Y. Civ. Prac. L. & R. § 7801). "'If the record before the Article 78 court demonstrates a lack of appropriate procedure, the Article 78 court has the authority and seemingly the duty to order the agency to conduct a proper hearing, regardless of the type of substantive claim involved.'" *Reinhard*, 715 F. Supp. at 1256 (quoting *Campo v. New York City Emps.' Ret. Sys.*, 843 F.2d 96, 101 (2d Cir.), *cert. denied,* 488 U.S. 889,

109 S.Ct. 220, 102 L.Ed.2d 211 (1988)); *see also Rhee-Karn v. Burnett*, No. 13-cv-6132 (JPO), 2014 WL 4494126, at \*5 (S.D.N.Y. September 12, 2014) ("Because Plaintiffs had (and may still have) the option of bringing Article 78 proceedings, they have an adequate opportunity to vindicate their claims in state court.").  Therefore, the Court finds that Plaintiff had an opportunity for judicial review of her federal constitutional claims during the pendency of the family court proceeding or subsequently vis-à-vis an Article 78 proceeding.

Plaintiff asserts for the first time in the motion for reconsideration that exceptions to the to the *Younger* abstention doctrine apply.  However, where a plaintiff "advance[es] new arguments without excuse as to why these arguments were not raised previously . . . these arguments are [] not cognizable on a motion for reconsideration."  *Richard Feiner & Co. v. BMG Music Spain*, No. 01-cv-0937 (JSR), 2003 WL 21496812, at \*1 (S.D.N.Y. June 27, 2003) (citing *Novomoskysk Joint Stock Company "Azot" v. Revson*, 95-cv-5399 (JSR), 1999 WL 767325, at \*1 (S.D.N.Y. Sept. 28, 1999)).  Plaintiff provides no justification for failing to raise the applicability of *Younger* abstention exceptions in the original motion briefing, and such arguments are not properly considered by this Court now on a motion for reconsideration.

Finally, Plaintiff attempts to introduce as exhibits to the motion for reconsideration certain expert reports.  It appears Plaintiff served these expert reports on Defendants on August 28, 2015.  (*See* ECF Nos. 125-1, 125-2, 125-3.)  Plaintiff provides no explanation for why these reports also were not presented to the Court at that time, a little less than four months prior to the issuance of the December Opinion & Order.  To the extent it is Plaintiff's position that these

reports have some bearing on the issues that were before this Court in Defendants' motion to dismiss, Plaintiff should have supplemented its briefing accordingly.[1]

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 125.

Dated:  March 8th, 2016          SO ORDERED:
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[1] As an aside, the Court notes that Plaintiff has appealed this case to the Second Circuit. (ECF No. 130.) Where, as here, a plaintiff "simply disagrees with [the court's] legal judgment," the relief sought "is more appropriately addressed on appeal." *Blake v. Potter*, No. 03-cv-743, 2010 WL 4536974, at *1 (S.D.N.Y. Nov. 8, 2010).