UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATONIA JONES, individually and on behalf
of her minor child, DJ,

                Plaintiff,

-against-

COUNTY OF WESTCHESTER, ROSA HAZOURY,
ELKE KNUDSEN, and LISA COLIN, ESQ.,

                Defendants.

No. 14-cv-7635 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff, Latonia Jones ("Jones"), individually and on behalf of her minor child D.J., asserts claims against the County of Westchester (the "County"); Rosa Hazoury and Elke Knudsen, employees of Westchester County (together with the County, the "County Defendants"); and Lisa Colin, Esq. ("Colin"), arising out of D.J.'s removal from the custody of her biological mother, Jones.

Before the Court are Defendants' objections to the Order issued by Honorable Magistrate Judge Judith McCarthy ("MJ McCarthy"), (hereinafter referred to as a "Report and Recommendation" or "R&R") substituting Jones with Patricia McDonnel-Megahey ("Megahey") as the representative or next friend of D.J. for the purpose of litigating all claims asserted on behalf of the minor. For the following reasons, upon conducting *de novo* review,[1] the Court adopts the conclusions of the R&R in its entirety.

---

[1] Given the undersigned is conducting a *de novo* review, the question of whether MJ McCarthy had jurisdiction to address the issue of an appointment of a next friend, raised at an October 30, 2015 hearing before the Magistrate Judge (see ECF No. 107-1), is deemed moot.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/27/2017

1

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. §636(b)(1). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. §636(b)(1). Where a magistrate judge issues an R&R,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. §636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, a district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)).

To the extent a particularized objection to an R&R is raised, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, the district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent only generalized and conclusory objections are raised or a party merely reiterates their original arguments, the district court will review the R&R strictly for clear error. *Harris v. Burge*, No. 04-cv-5066, 2008 WL 772568, at *18 (S.D.N.Y. Mar. 25, 2008). The

distinction turns on whether a party's objections are "clearly aimed at particular findings in the magistrate's proposal" or are merely an attempt at taking a "'second bite at the apple' by simply re-litigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, at 2007 WL 152136, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## APPOINTMENT OF A REPRESENTATIVE

It is well settled that a minor or incompetent lacks the legal capacity to sue and any action seeking to vindicate a right on their behalf must be commenced in the name of a legal guardian, representative or similar fiduciary. Fed. R. Civ. P. 17(c); *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). When a minor or incompetent's authorized representative is unable or unwilling to serve, or has an interest that conflicts with that of the minor, the court may appoint a guardian (commonly referred to as a guardian ad litem) or next friend as its representative for the purpose of prosecuting the claims. Fed. R. Civ. P. 17(c). Generally, a party seeking the appointment of a guardian ad litem or next friend for a minor must demonstrate by a preponderance of the evidence that the individual's condition impedes their ability to protect her rights. *See Bowen v. Rubin*, 213 F. Supp. 2d 220 (E.D.N.Y. 2001) (citing CPLR § 1201).

The procedure for the appointment of guardians or next of friend is governed by Fed. R. Civ. P. 17(c), which provides:

> [w]henever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem [or next of friend] for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

3

Notably, Rule 17(c) provides no special qualifications for serving as a minor's representative. A close relationship or blood tie need not exist between the "proposed next of friend" or representative and the minor. *Bowen*, 213 F. Supp. 2d at 226. When appointing a representative, the court should consider whether the proposed individual is acting in good faith, has an interest in the welfare of the individual, is motivated by a sincere desire to seek justice on behalf of the minor and has the ability to prosecute the claims asserted. *See Ad Hoc Comm. of Concerned Teachers on Behalf of Minor & Under Age Students Attending Greenburgh Eleven Union Free Sch. Dist. v. Greenburgh No. 11 Union Free Sch. Dist.*, 873 F.2d 25, 31 (2d Cir. 1989). Once the Court appoints a representative, it maintains a continuing obligation to supervise the representative's work. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir.1978)

## DISCUSSION

During the pendency of the instant litigation, Defendant Colin objected to Jones serving as the representative of the infant. Defendant claimed Jones, who also asserted individual claims against Defendants, was conflicted and could no longer objectively and effectively advocate on D.J.'s behalf.[2] In response to Defendant's claim of a conflict of interest, counsel for D.J. moved for the appointment of Megahey, a New York Board Certified Behavior Analyst[3] and Special Education Teacher (*see* ECF No. 116-4), to serve as next friend for the infant. (*See* Minute Entry for Proceeding before Magistrate Judge McCarthy, dated October 30, 2015; ECF No. 107-1.) Upon due consideration, MJ McCarthy recommended the appointment of Megahey as D.J.'s next

---

[2] The Court notes that there has been no judicial determination that a conflict of interest actually exists that would prevent Jones from continuing to serve as D.J.'s representative. Moreover, the judicial appointment of a representative other than Jones would make moot the need for the Court to make such a determination.

[3] Behavior Analysis is the scientific study of principles of learning and behavior. A Board Certified Behavior Analyst is an individual who has completed the requisite graduate level course work and has passed the state licensing exam. *See generally*, Behavior Analyst Certification Board, https://bacb.com/about-behavior-analysis/ (last visited Apr. 12, 2017).

of friend. Defendants now object to the appointment of Megahey solely on the basis that she was purportedly chosen by Plaintiff's counsel rather than the Court. Defendants' objection, however, is meritless.

It is undisputed that D.J. is not only a minor but also suffers from mental health issues such that she lacks the capacity to sue. Assuming there is a conflict of interest which prevents Jones from continuing to serve as D.J.'s representative in this action, the appointment of a guardian ad litem or next of friend is warranted and necessary in order to preserve and litigate the minor's interest and claims. Defendant presents no case law to support the proposition that, in Rule 17 applications, the moving party may not *propose* an individual to serve as the representative for the minor (or incapacitated individual).[4] While counsel may make a recommendation, ultimately, it is the Court who, upon taking into account such factors as previously discussed, independently appoints the individual to serve as the minor's representative. The mere fact that Plaintiff's counsel proposed or recommended Megahey does not disqualify her from serving in the capacity of next friend. There being a no legal or meritorious objection raised warranting the denial of the application, the Court appoints Megahey to serve as the next friend of D.J. for the purpose of litigating all claims asserted on her behalf in this action.

## CONCLUSION

Upon a *de novo* review upon due consideration, the Court adopts the conclusion of MJ McCarthy. Accordingly, the Court appoints Megahey to serve as D.J.'s next of friend. Plaintiff is directed to amend their pleadings in accordance with this Opinion and Order. The clerk of the

---

[4] Defendant cites *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642 (2d Cir. 1999), however this case does not stand for the proposition that a prospective guardian *must be disqualified on the basis that she was proposed by* a party. (*See* ECF No. 107 at 10.)

5

court is directed to terminate the motion at ECF Docket No. 98.

Dated: April 27, 2017  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN