USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of D.J., a minor child, by her Next of Friend, PATRICIA MCDONNELL MEGAHEY, and LATONIA JONES, individually,

                Plaintiff,

-against-

COUNTY OF WESTCHESTER, ROSA HAZOURY, ELKE KNUDSEN, and LISA COLIN, ESQ.,

                Defendants.

---

No. 14-cv-7635 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Patricia McDonnell-Megahey, next of friend for Plaintiff D.J. ("D.J."), and Plaintiff Latonia Jones ("Jones") (collectively, "Plaintiffs") bring this action, pursuant to 42 U.S.C. § 1983, against the County of Westchester, Rosa Hazoury, and Elke Knudsen, (together with the County, the "County Defendants"), and Lisa Colin, Esq. (collectively, "Defendants"). Specifically, in the operative Second Amended Complaint ("SAC"), Plaintiffs allege that (1) Defendants deprived Jones and D.J. of substantive due process, (2) Defendants were negligent in their handling of D.J. throughout the course of her childhood, and (3) Defendant Colin committed legal malpractice in her representation of D.J. through various state court proceedings. (Second Am. Compl., ECF No. 23.)

Presently before the Court is Plaintiffs' motion for leave to file a Third Amended Complaint ("TAC").[1] (ECF No. 169 & 169-2.) In response, both the County Defendants and

---

[1] In addition to seeking leave to amend the SAC, Plaintiffs also seek to amend this case's caption to reflect that the Court substituted Plaintiff McDonnell-Megahey in place of Jones as D.J.'s representative or next of friend. (*See* ECF No. 169-1.) Consistent with the Opinion and Order dated April 27, 2017 (ECF No. 155), the Court has amended the pleadings to reflect the appointment of Plaintiff McDonnell-Megahy as D.J.'s next of friend.

Defendant Colin oppose Plaintiffs' motion. In the alternative, Defendants have cross moved to dismiss the TAC. (ECF Nos. 173 & 177.) For the following reasons, Plaintiffs' motion for leave is DENIED for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs are, however, granted permission to seek leave to file an updated TAC consistent with this Opinion and Order. Given the Court's decision, Defendants' motions to dismiss the TAC are DENIED as moot.[2]

## BACKGROUND

### I. Factual Background

The Court assumes familiarity with underlying facts that gave rise to this lawsuit. *See Jones v. Cty. of Westchester*, No. 14-cv-7635 (NSR), 2015 WL 8968359, at *1-2 (S.D.N.Y. Dec. 14, 2015) (ECF No. 121).

### II. Procedural Background

#### A. Plaintiffs' Commencement of the Action and Subsequent Amendments

Plaintiffs commenced this action on September 19, 2014, and later filed their First Amended Complaint on October 20, 2014. (ECF Nos. 1, 4.) Following an Initial Pretrial Conference on November 19, 2014, Plaintiffs were granted leave to file the SAC, while Defendants were granted leave to file Rule 12(b) and 12(c) motions. In the interim, the case proceeded to discovery before the Honorable Magistrate Judge Judith C. McCarthy. (ECF No. 18.)

Plaintiffs filed the SAC on January 15, 2015 and refiled the SAC on January 27, 2015 following a filing error. (ECF Nos. 23 & 26.) The SAC, which covered factual allegations that

---

[2] In the event that the Court denied leave to amend, County Defendants have asked this Court to consider the motions to dismiss the SAC that were previously stayed. (Cty. Defs. Mem. of Law in Support in Opp. to Pl. Mot. and in Support of Mot. to Dismiss ("Cty. Defs. Mot."), ECF No. 175, at 1 n.1.) As Plaintiffs will be given a renewed opportunity to seek leave of the Court to file a TAC, resolution of Defendants' motion to dismiss the SAC will continue to be held in abeyance.

had occurred between 2005 and 2014, contained a total of 28 pages and 142 paragraphs, excluding subparagraphs. (ECF No. 23.) Thereafter, on April 3, 2015, Defendants filed their respective motions to dismiss and motion for judgment on the pleadings. (ECF Nos. 34 & 38.) Meanwhile, discovery continued to move forward in the case.

### B. The December 14, 2015 Decision

On December 14, 2015, this Court issued its Opinion and Order on Defendants' various motions. (ECF No. 121.) The Court first addressed Defendants' contention that *Younger* abstention should compel the Court from exercising jurisdiction over Plaintiffs' substantive due process claims and related state-law claims. (*Id.* at 7.) The Court concluded that *Younger* abstention did apply because Plaintiffs had, or have had, the opportunity to raise their substantive due claims, and related state-law claims, in Plaintiffs' family court proceedings before the Westchester County Family Court. (*Id.* at 8-10.) Accordingly, the Court stayed resolution of Defendants' challenges to Plaintiffs' substantive due process and state-law claims. (*Id.* at 10.)

Conversely, the Court granted Defendants' motion to dismiss Plaintiffs' civil RICO claim. (*Id.* at 13.) The Court concluded, based on a review of the pleadings, the parties' arguments, and the relevant statute, that Plaintiffs failed to allege any action on the part of Defendants that constituted racketeering activity. (*Id.*)

Two weeks later, on December 28, 2015, Plaintiffs' moved for reconsideration of the December 14, 2015 decision. (ECF No. 125.) Thereafter, on January 15, 2016, Plaintiffs filed notice of interlocutory appeal of the December 14, 2015 decision (ECF No. 132), which the Second Circuit stayed pending the resolution of the motion for reconsideration (*see* ECF No. 136). By Opinion and Order dated March 8, 2016, the Court denied Plaintiffs' motion for reconsideration (ECF No. 135), and the Second Circuit, in turn, lifted the stay of the appeal. (ECF No. 136.) The Court then stayed discovery in the case pending the resolution of the appeal. (*See* ECF No. 124.)

### C. The Second Circuit's Decision and Plaintiffs' Request to Amend the SAC

On February 7, 2017, the Second Circuit issued a summary order vacating the Court's December 14, 2015 decision and remanding the case for furthering proceedings. (ECF No. 139.) The Second Circuit concluded that *Younger* abstention did not apply to cases involving efforts only to obtain money damages. (*Id.* at 3.) Upon receipt of the summary order, the Court lifted the stay and directed the parties to complete an amended discovery plan and appear before Magistrate Judge McCarthy. (ECF No. 143.)

On March 3, 2017, Defendants requested that the Court reopen the previously pending motions. (ECF No. 150.) The Court accordingly held a conference on March 22, 2017. At that time, Plaintiffs requested, and were granted, leave to file a motion to amend the complaint. The Court then set a briefing scheduled for Defendants' anticipated opposition and cross motions to dismiss.

### D. Plaintiffs' Proposed TAC

On September 5, 2017, Plaintiffs filed their motion to amend the SAC. (ECF No. 169.) The proposed TAC, attached to the motion as Exhibit B, ballooned from 28 pages and 142 paragraphs to a staggering 181 pages and 711 paragraphs. (Third Am. Compl. ("TAC"), ECF No. 169-2.) In addition to adding what appears to be numerous references to and quotations from unattached documents, stating redundant, argumentative, and conclusory statements, and setting forth opinions and rhetorical questions, the proposed TAC also revised and added several causes of actions. Specifically, the TAC now contains eight claims: (1) violation of D.J.'s due process rights of the Fourteenth Amendment, asserted against the County Defendants (*id.* ¶¶ 600-54); (2) violation of Jones's due process rights, asserted against the County Defendants (*id.* ¶¶ 655-72); (3) violation of D.J.'s rights under Title II of the Americans with Disabilities Act, asserted against the County Defendants (*id.* ¶¶ 673-78); (4) negligence treatment of D.J. by the County Defendants

(*id.* ¶¶ 679-85); (5) legal malpractice against Defendant Colin, asserted by D.J. (*id.* ¶¶ 686-94); (6) intentional infliction of emotional distress against Defendants Hazoury, Knudsen, and Colin, asserted by D.J. (*id.* ¶¶ 695-700); (7) negligent infliction of emotional distress against all Defendants, asserted by D.J. (*id.* ¶¶ 701-05); and (8) intentional infliction of emotional distress against Defendants Hazoury, Knudsen, and Colin, asserted by Jones (*id.* ¶¶ 706-11).

In moving to file the TAC, Plaintiffs seek to "add and supplement facts," (Pl. Mem. of Law in Support of Mot. to Amend., ECF No. 169.) According to the TAC, these new relevant facts were determined by "cross referencing thousands of pages of discovery, family court transcripts, permanency hearing reports, Family Assessment Service Plans, caseworker notes, psychiatric and psychological evaluation reports, case file reviews, independent investigations, and depositions." (TAC ¶ 11.) Specifically, the TAC was composed of facts, quotes, and conclusions from the over 15,000 pages of paper discovery, expert reports, and transcripts disclosed between the parties during discovery. (Aff. of Michael Meth in Support of Mot. to Amend, ECF No. 172.)

Defendants have each opposed Plaintiffs' motion to amend, and, in the alternative, have cross moved to dismiss the claims. (ECF Nos. 173 & 177.) This Opinion and Order followed.

## LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, although a party that has already amended its pleadings may only amend again with "the opposing party's written consent or the court's leave," the rule makes clear that leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the rule espouses a "policy in favor of granting leave to amend," *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987), a court may generally only exercise its discretion "to deny leave for good reason, including futility, bad

faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (outlining circumstances where a motion to amend may be denied, including "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowing the amendment, [or the] futility of amendment"). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

## DISCUSSION

Defendants argue that the proposed TAC violates Rule 8(a)(2) of the Federal Rules of Civil Procedure. (Cty. Defs. Mot. 5-6; Def. Colin Mem. of Law in Opp. to Pl. Mot. and in Support of Mot. to Dismiss ("Colin Mot."), ECF No. 179, at 6-10.) Defendants contend that the proposed TAC is prolix, fails to adhere to Rule 8's mandate that pleadings contain a "short and plain statement," and is plagued by factual allegations that "are frequently disjointed, . . . out of chronological order, . . . obviously unattributed quotes from documents, statements of opinion or questions, duplicative paragraphs, and rampantly conclusory." (Cty. Defs. Mot. 5; Colin Mot. 9.) The Court agrees.

Rule 8 of the Federal Rules of Civil Procedure requires that a "pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even if "[n]o technical form is required," "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). As the Second Circuit has explained, although the "principal function" of a pleading is to give a party "fair notice of the claim asserted," the

6

"statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it [if] they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5C Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42. Dismissal is typically warranted where a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Cohen v. Capers*, No. 16-cv-6090 (PKC)(AJP), 2017 WL 2455132, at *3 (S.D.N.Y. June 6, 2017) (quoting *Salahuddin*, 861 F.2d at 42). Courts should focus on whether "the complaint's form or substance prevents the defendant from forming a 'fair understanding' of the plaintiff's allegations or otherwise prejudices the defendant in responding to the complaint." *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 281 (S.D.N.Y. 2015). If a court dismisses the complaint for failure to comply with Rule 8(a), "it should generally give the plaintiff leave to amend." *Duncan v. Thompson*, No. 03 CV 403(SJ), 2004 WL 1810332, at *2 (E.D.N.Y. Aug. 12, 2004) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see also Salahuddin*, 861 F.2d at 42 ("Given our jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities, it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8.").

To be sure, under *Twombly* and *Iqbal* a complaint must allege "'enough facts to state a claim to relief that is plausible on its face,' such that the court [can] 'draw the reasonable inference that the defendant is liable for the misconduct alleged." *E.E.O.C. v. Port Auth. Of N.Y. and N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

7

*Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As one court has explained, however, the "short-and-plain statement requirement" has been "independently interpreted, perhaps along with the requirement in Rule 8(d)(1) that allegations be 'simple, concise, and direct,' to protect interests separate from the [*Twombly/Iqbal*] entitlement requirement." *Green*, 96 F. Supp. 3d at 280. In other words, while *Twombly* and *Iqbal*'s pleading standard asks "how short is too short," the "short-and-plain statement requirement" asks "how long is not short enough[.]" *Id.*

The later question is what is at issue here. It is true, of course, that "verbosity alone does not require dismissal under Rule 8." *See Rodriguez v. Trs. of Columbia Univ. in the City of N.Y.*, No. 03 Civ. 4072(TPG), 2006 WL 2521323, at *3 (S.D.N.Y. Aug. 30, 2006). And if the only issue with Plaintiffs' staggering 181-page, 711-paragraph proposed TAC was length, the Court would likely have no basis to conclude that Rule 8 has been violated (although it would question usefulness and necessity of such a lengthy complaint).[3] The proposed TAC, however, is far more than merely voluminous. It is a misguided attempt to compile the voluminous discovery obtained to date into one document, amounting to what this Court can charitably describe as the pleading version of a document dump. Specifically, the proposed TAC is replete with unnecessarily voluminous, disjointed, and often unattributed references to documents, notes, and court transcripts. In fact, as the County Defendants also observe (*see* Cty. Defs. Mot. 6), it appears that the document is largely composed of cut-and-paste paragraphs from various documents. To compound this issue, these documentary references and quotations are then interspersed with argumentative and conclusory assertions, as well as opinions and legal conclusions. And although it lays out the information chronologically, the proposed TAC neither sets forth the necessary

---

[3] In fact, it is telling that Plaintiffs were able to summarize the allegations of the TAC into eight pages (Pls. Reply in Support of Mot. to Amend and in Opp. to Defs. Mot. ("Pl. Opp."), ECF No. 171, at 2-9), and that the statement of facts largely tracked Plaintiffs' 28-page SAC.

factual predicate in a coherent fashion nor intelligibly ties any of the facts/quotations/document references to Plaintiffs' new and existing claims.

At bottom, the proposed TAC has obscured the basis for Plaintiffs' claims and muddled the factual waters, depriving Defendants of an opportunity to gain a fair understanding of the claims contained therein. Indeed, the complaint essentially would force Defendants "to select the relevant material from a mass of verbiage" in order to meaningful defend against the various claims levied against them. *See Morgens Waterfall Holdings, L.L.C. v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. 2002) (dismissing, without prejudice, plaintiffs' "103 page Amended Complaint, with 322 paragraphs" that was "redundant, argumentative, and ha[d] much irrelevancy and inflammatory material, . . . excessively long-winded, and its wordiness [] unjustified."); *see also Rodriguez*, 2006 WL 2521323 at *3 (dismissing complaint, with leave to replead, where complaint was "301 pages long and containe[d] 799 paragraphs, as well as 327 pages of exhibits" because "[t]he complaint [was] a mass of paragraphs that drown the reader in repetitiveness and wordiness"). Such an outcome would plainly be contrary to the interests protected by Rule 8.[4] Because of the undue burden created by the proposed TAC (particularly at this case's current procedural posture), the Court DENIES Plaintiffs' present motion to amend.

Notwithstanding this conclusion, the Court is cognizant of the fact that Plaintiffs want to add new claims and better define their existing claims with potentially new information obtained during discovery. The Court is also mindful of the general preference "for adjudication of cases on their merits rather than on the basis of formalities." *See Salahuddin*, 861 F.2d at 42. Accordingly, the Court will grant Plaintiffs another opportunity to seek leave to amend with a

---

[4] As one court has succinctly explained, "[i]t is not the duty of the defendants or this Court to sift through the Complaint and guess which factual allegations support which claims." *See Discon Inc. v. NYNEX Corp.*, No. 90-CV-546A, 1992 WL 193683, at *16 (W.D.N.Y. June 23, 1992.

9

complaint that conforms to the dual requirements of Rule 8.  The revised TAC should allege all the facts (including, as need, exhibits) *necessary* for Plaintiffs to establish the who, what, when, where, and how of their claims.  But in setting forth these *necessary* facts, the revised TAC must avoid the confusion, the incoherence, and ultimately the prejudice, created by an egregious, convoluted, and disjointed overreliance on discovery obtained in this action—the infirmity that proved fatal in the present situation.  Failure to comply with Rule 8 will leave the Court no choice but to proceed with the SAC and the still pending motions regarding that operative complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file the proposed Third Amended Complaint is DENIED for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Plaintiffs are, however, granted permission to seek leave to file a revised Third Amended Complaint that is consistent with this Opinion and Order.  Given the Court's decision, Defendants' motions to dismiss the Third Amended Complaint are DENIED as moot.  The Court will continue reserve decision on the pending motions to dismiss targeting the Second Amended Complaint.

Should Plaintiff seek leave to file an updated Third amended Complaint, their moving papers shall be served on February 26, 2020.  Defendants are, in turn, granted leave to file cross-motions to dismiss, if deemed warranted.  Defendants' opposition/cross-moving papers shall be served on March 27, 2020, Plaintiffs' reply/cross-opposition shall be served on April 13, 2020, and Defendants' cross-reply shall be served on April 28, 2020.  The parties are directed to file all motion documents on the cross-reply date of April 28, 2020 and to provide two copies of all documents to chambers as the documents are served.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 169, 173, & 177.

Dated: January 27, 2020
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMAN
United States District Judge