

**George Latimer**
County Executive

Office of the County Attorney

**John M. Nonna**
County Attorney

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/2022
```

June 1, 2022

Defendants' request to seal certain exhibits is granted. The Clerk of Court is kindly directed to terminate the motion at ECF No. 231.

Hon. Nelson S. Romàn
U.S. District Court
Southern District of New York
300 Quarropas St., Courtroom 620
White Plains, NY 10601
*Via ECF*

Dated: June 3, 2022
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

Re: *Jones v. County of Westchester*, No. 14 CV 7635 (NSR)

Dear Judge Romàn:

This letter is submitted to request leave to file certain exhibits to Defendants' motion for summary judgment under seal. Plaintiff, through counsel, consents to this request. Defendants' motion is due to be served by June 13, 2022; all motion papers are to be filed on July 28, 2022. This request is made in advance of the service date, so that Defendants may be guided as to whether the exhibits can be provided in an un-redacted form on the service date.

As the Court is aware, this case involves claims that the Plaintiff, D.J., was deprived of an education while in the care and custody of the Westchester County Department of Social Services ("DSS"). As such, Defendants' motion for summary judgment will involve three categories of information that is generally considered confidential: (1) DSS records; (2) educational records; and (3) Family Court records. The County's request to seal extends only to exhibits that fall within one of these three categories.

In considering a request to seal records "courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Here, it is clear that the subject matter of the categories of information sought to be sealed is traditionally considered private. Indeed, by statute, each of these categories is typically private information. *See* N.Y. Soc. Serv. Law § 372(3) (DSS records relating to placed children are confidential); N.Y. Family Ct. Act § 166 (records of Family Court proceedings are not open to general public inspection); 20 U.S.C. § 1232g (FERPA statute which protects confidentiality of education records).

MEMO ENDORSED

Michaelian Office Building
148 Martine Avenue, 6th Floor
White Plains, New York 10601    Telephone: (914)995-2660   Website: westchestergov.com

The exhibits that Defendants seek to seal include medical information relating to D.J. (diagnoses, medications, and observations from treatment providers), family information relating to her, her mother, siblings, and foster families, and education information that includes evaluations of D.J.'s mental and physical capacity and needs. These are the types of information that the Second Circuit has identified as "weighing more heavily against access." *Amodeo*, 71 F.3d at 1051 ("family affairs, illnesses, embarrassing conduct with no public ramification" weighs against access); *L.B. v. N.Y.C. Dept. of Educ.*, 15-cv-3176 (AJN), 2015 U.S. Dist. LEXIS 127081 at *2 (S.D.N.Y. Sep. 22, 2015) (education records are routinely allowed to be filed under seal "to protect the privacy interest of minor child plaintiffs.").

In order to protect the privacy interests of Plaintiff, as well as third-parties (including her siblings, some of whom are still minors), Defendants request that the Court grant this request to file under seal exhibits containing one of the three identified categories of documents.

Respectfully submitted,

/s/Justin R. Adin
Deputy County Attorney
Tel: (914) 995-2893
jra3@westchestergov.com

2